## POWELL *vs.* THE STATE.

[INDICTMENT FOR SELLING SPIRITUOUS LIQUORS TO A SLAVE.]

1. *Delivery to slave presently, on verbal order of overseer, and for his use, not within the statute.*—If the overseer of a slave goes to a house where spirituous liquors are sold, and tells the keeper that he will send the slave for a specified quantity of a particular quality, and goes off and sends the .slave with a jug for the same; and thereupon the keeper puts it in the jug, and delivers it to the slave—this is not a sale, gift, or delivery to the slave, within the meaning of section 3243 of the Code, and is lawful without an order in writing.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. EDMUND W. PETTUS.

THIS indictment charged, that the defendant, James Powell, " before the finding of this indictment, sold, gave, or delivered to a slave named John, belonging to Berry Pippin, vinous or spirituous liquors, without an order in writing, signed by the overseer or master of such slave, specifying the quantity to be sold, given, or delivered; against the peace," &c.

The bill of exceptions states that " the evidence tended to show that the defendant, on several occasions, a few weeks before the finding of the indictment, delivered spirituous liquor to the slave John named in the indictment, under the following circumstances : One Whitesides, who was the overseer of said slave, and at work with him in a stable for stage horses, would go to the house where the defendant kept spirituous liquors for sale, and tell defendant that he would send the said slave for some spirituous liquor, naming the quantity and quality ; that when said Whitesides returned to the stable, at some distance from defendant's house, he would send said slave with a jug after the quantity of spirituous liquor for which he had spoken to defendant ; and defendant would put the spirituous liquor in the jug, and deliver it to said slave. The time and venue were proved, and the ownership of the slave as charged ; but there was no evidence of any order in writing."

"The court charged the jury, that if they believed said

Whitesides was the overseer of the said slave, and that the ownership of said slave had been proved as charged, and that said Whitesides had gone to the house where said defendant sold spirituous liquor, and told defendant to let said slave have a certain quality of spirituous liquor, and then went off and sent said slave to defendant's house with a jug for said liquor ; and that said defendant, in said county of Greene, and within twelve months before the finding of this indictment, measured said liquor, and poured it into the jug, and delivered it to the said slave, without any order in writing,—that then said defendant was subject to be convicted under said indictment." To this charge the defendant excepted, and asked the court to charge, in substance, that if the jury believed the evidence, they must find the defendant not guilty ; which charge the court refused, and the defendant again excepted.

No errors are assigned on the record.

STEPHEN F. HALE, for the appellant.

M. A. BALDWIN, Attorney General, *contra.*

RICE, J.—Where the overseer of a slave goes to a house where spirituous liquiors are kept for sale, and tells the keeper that he will send the slave for a specified quantity of a particular quality, and goes off and sends the slave with a jug for the same ; and thereupon the keeper puts it in the jug, and delivers it to the slave,—the transaction is, in legal contemplation, the sale and delivery of the liquor *to the overseer.* The slave, in such case, is merely the instrument of the overseer. Such a transaction is not a sale, gift, or delivery of spirituous liquor to a slave, within the meaning of section 3243 of the Code, and is lawful without any order in writing.

The court below erred, therefore, in the charge given, and in refusing the charge asked.

Judgment reversed, and cause remanded.